1   ANTONIO L. CORTÉS
    Attorney at Law
2   Bar No. 142356
3   528 Wisteria Way
    San Rafael, California 94903
4   Tel: 415-256-1911
    Fax: 415-256-1919
5
6   Attorney for Plaintiff
    Jose and Virginia Hernandez

*E-filing*

*EMC*

7
8            UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
9
10                                          CASE NO. **08        2804**
11  JOSE HERNANDEZ and VIRGINIA            )
    HERNANDEZ                              )   **COMPLAINT FOR DAMAGES &**
12                                         )   **INJUNCTION**
                     Plaintiffs,           )
13                                         )   (TRUTH IN LENDING ACT, REAL
                  v.                       )   ESTATE SETTLEMENT
14                                         )   PROCEDURES ACT, CAL. CIVIL
    SURINDER SROA, LINDA SROA,             )   CODE § 1632, FRAUD,
15  ARGENTUM REAL ESTATE AND               )   RESCISSION, AVOIDANCE,
    MORTGAGE, AGUSTIN REYES,               )   PREDATORY LENDING,
16  CALISTA REYES, BNC MORTGAGE,           )   NEGLIGENCE, NEGLIGENCE *PER*
    INC., OPTION ONE MORTGAGE              )   *SE* BREACH OF CONTRACT, BAC
17  CORPORATION, CITIBANK (WEST),          )   FAITH, UNFAIR BUSINESS
    FSB, OLD REPUBLIC TITLE                )   PRACTICES, BREACH OF
18  COMPANY, TERRY                         )   FIDUCIARY DUTY, EQUAL
    McGILLICUDDY, KIRT MENON, and          )   CREDIT OPPORTUNITY ACT,
19  RELIABLE TRUST DEED SERVICES,          )   INJUCTIVE RELIEF )
    INC.                                   )
20                                         )
21                   Defendants            )
                                           )   **JURY DEMANDED**
22
23          Plaintiffs Jose and Virginia Hernandez allege:

24          1.      By this Complaint, Plaintiffs Jose Hernandez and Virginia Hernandez

25  ("Plaintiffs" or "Mr. and Mrs. Hernandez") seek redress of the fraudulent, illegal, negligent,

26  and predatory lending and real estate sales practices of Defendants Surinder Sroa ("Mr.

ANTONIO L CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

27
28

                                    1
COMPLAINT AND DEMAND FOR JURY TRIAL

Sroa"), Linda Sroa ("Mrs. Sroa"), BNC Mortgage, Inc. ("BNC"), Option One Mortgage Corporation ("Option One"), American Service Company ("ASC"), Citibank (West), FSB ("Citibank"), Argentum Real Estate and Mortgage ("Argentum"), Agustin Reyes ("Mr. Reyes"), Calista Reyes ("Mrs. Reyes"), Old Republic Title Company ("Old Republic"), Terry McGillicuddy ("Mr. McGillicuddy"), Kirt Menon ("Mr. Menon"), and Reliable Trust Deed Services, Inc. ("Reliable").

       2.      At all times relevant hereto, Plaintiff Jose Hernandez was a resident of the City of San Rafael, County of Marin.

       3.      At all times relevant hereto, Plaintiff Virginia Hernandez was a resident of the City of San Rafael, County of Marin.

       4.      On information and belief, Defendant Surinder Sroa was, at all times relevant hereto, an adult resident of Marin County, California.

       5.      On information and belief, Defendant Linda Sroa was, at all times relevant hereto, an adult resident of Marin County, California and the wife and business partner of Surinder Sroa.

       6.      On information and belief, Defendant BNC Mortgage, Inc. was, at all times relevant hereto, a Delaware corporation engaged in the business of mortgage lending in the State of California and County of Marin.

       7.      On information and belief, Option One Mortgage Corporation was, at all times relevant hereto, a business entity of unknown nature engaged in the business of mortgage lending in the State of California and County of Marin.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

8.     On information and belief, Defendant American Service Company was, at all times relevant hereto, a business entity of unknown nature engaged in the business of purchasing and/or servicing mortgages on homes located in the State of California and County of Marin.

9.     On information and belief, Defendant Citibank (West), FSB was, at all times relevant hereto, a business entity of unknown nature engaged in the business of mortgage lending in the State of California and County of Marin.

10.     On information and belief, Defendant Argentum Real Estate and Mortgage ("Argentum") was, at all times relevant hereto, a business entity of unknown nature engaged in the business of appraising real property and brokering real property and mortgage loans in the State of California and County of Marin.

11.     On information and belief, Defendant Old Republic Title Company ("Old Republic") was, at all times relevant hereto, a business entity of unknown nature engaged in the business of selling title insurance, escrow services, and 1031 exchange services in the State of California and County of Marin.

12.     On information and belief, Terry McGillicuddy was, at all times relevant hereto, employed in Marin County as an escrow officer of Old Republic.

13.     Defendant Agustin Reyes was, at all times relevant hereto, a resident of the County of Marin and was employed by Surinder Sroa as a supervisor of construction laborers employed by Surinder Sroa. On information and belief, Mr. Reyes was also a business partner of Mr. Sroa with respect to the parcel of real property at issue in this action.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

3
COMPLAINT AND DEMAND FOR JURY TRIAL

14.    On information and belief, Defendant Calista Reyes was, at all or some times relevant to this action, the wife of Mr. Reyes and acting as an employee or agent of Surinder Sroa, and/or as his business partner, with respect to the property that is the subject of this action.

15.    On information and belief, Defendant Reliable Trust Deed Services, Inc. is a California Corporation in the business of providing trustee services in the State of California and County of Marin.

16.    On information and belief, Defendant Kirt Menon was, at all times relevant hereto, the principal or chief officer of Argentum and causing it to act as it did with respect to some or all of the transactions that are the subject of this action.

17.    On information and belief, and at all times herein mentioned, each Defendant was acting as an agent, servant, and/or employee of the remaining Defendants and each other, and was acting within the scope of such agency or employment in doing the things herein alleged.  Each Defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting in the course and scope of his, her, or its actual or apparent authority pursuant to such agencies; or the alleged acts or omissions of each Defendant as agent were subsequently ratified and adopted by each other Defendant as principal.

18.    <u>Jurisdiction</u>.  This action arises under the Truth in Lending Act (TILA), 15 U.S.C. § 1640, Real Estate Settlement Procedures Act (RESPA) 12 U.S.C. § 2601, *et seq.*; the Equal Credit Opportunity Act (ECOA), 15 USC § 1691, *et seq.*, and the Laws of the State of California.  This Court has jurisdiction under 28 USC § 1331 in that Plaintiff's claims arise under the Constitution and Laws of the United States of America.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

4

COMPLAINT AND DEMAND FOR JURY TRIAL

This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the claims of Mr. Hernandez arising out of the laws of the State of California. This Court also has jurisdiction under 12 USC § 2614 of RESPA.

19. <u>Venue</u>. Venue is proper under 28 USC § 1391 because, on information and belief, some or all Defendants reside in the County of Marin in the State of California, and because all or most of the events giving rise to the complaint transpired in that County.

<u>FACTS COMMON TO ALL CLAIMS</u>

20. For eight years prior to this filing, and, on information and belief, for a significant period of time before that, Defendants Surinder and Linda Sroa were engaged in the business of purchasing and renting real property in the City of San Rafael, County of Marin, State of California.

21. In or about 2003, Mr. Sroa hired Mr. Hernandez to perform construction and maintenance work on his properties. At all times since that hiring, until February 2008, Mr. Hernandez remained employed by Mr. Sroa as a full time employee. During the entire period of that employment, Mr. Sroa paid Mr. Hernandez a wage of exactly $1500 bi-weekly. Mr. and Mrs. Sroa also occasionally hired Virginia Hernandez, the wife of Jose Hernandez, as a temporary employee at the same rate of pay. The total amount paid to Mrs. Hernandez by Mr. and Mrs. Sroa during her period of employment never exceeded $9000/year.

22. At all times relevant hereto, Mr. and Mrs. Sroa and Mr. and Mrs. Reyes were aware that Jose and Virginia Hernandez were husband and wife, and that neither

ANTONIO L. CORTES
528 WEST RIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

5

COMPLAINT AND DEMAND FOR JURY TRIAL

Jose nor Virginia Hernandez had any significant source of income other what they earned from Mr. and Mrs. Sroa. Accordingly, Mr. and Mrs. Reyes and Mr. and Mrs. Sroa knew that the combined annual income of Mr. and Mrs. Hernandez never significantly exceeded $58,000 per year.

23. At all times relevant hereto, all individual Defendants and all representatives of the Corporate Defendants having contact with Plaintiffs were aware that neither Jose nor Virginia Hernandez can read, understand, or speak the English language, and that they are fluent only in their native tongue, Spanish.

24. At some time prior to 2005, Defendants Surinder and Linda Sroa purchased a single family dwelling in the City of San Rafael, County of Marin. The street address of that property is 21 Stevens Place, San Rafael, California, and it can be legally described as "Lot 6, as shown upon that certain Map entitled 'Map of Stevens Tract, San Rafael, California', filed for record April 7, 1909 in volume 3 of Maps, at Page 11, Marin County Records." ("the Property").

25. In or about September, 2005, Defendants directed Mr. Hernandez, in his capacity as the employee of Mr. Sroa, to begin performing construction work on the Property. Among other things, under the supervision of Mr. Sroa and Mr. Reyes, and at their instruction, Mr. Hernandez performed carpentry, plumbing, and other building work necessary to convert a garage on the Property to a second dwelling unit on the Property ("the Second Unit").

26. Unbeknownst to Mr. Hernandez, Mr. and Mrs. Sroa had not obtained a building permit for the construction of the Second Unit on the Property.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL CA 94903
(415) 256-1911
FAX (415) 256-1919

6

COMPLAINT AND DEMAND FOR JURY TRIAL

27.    Mr. and Mrs. Sroa knew that they had no building permit for the Second Unit and concealed that fact from Mr. Hernandez. On information and belief, Mr. and Mrs. Reyes also knew of the lack of a required building permit for the Second Unit. Neither Mr. Reyes nor Mrs. Reyes disclosed that to Mr. Hernandez.

28.    On information and belief, at some time between the commencement of construction of the Second Unit and December 2005, Mr. Sroa learned that he would not be able to obtain approval for the Second Unit from the City of San Rafael. Accordingly, Mr. and Mrs. Sroa knew that they would not be permitted by the City of San Rafael to lease the Second Unit to a residential tenant, as, on information and belief, they had intended to do when they caused it to be constructed.

29.    In December 2005, Mr. Sroa caused Mr. Reyes to contact Mr. Hernandez with instructions to induce Mr. Hernandez to purchase the Property.

30.    In December 2005, Mr. Reyes asked Mr. Hernandez if he wanted to purchase the Property from Mr. Sroa. Mr. Hernandez responded that he would like to own the Property, but that he had neither the financial capacity nor the credit to do so. Mr. Reyes stated that he would talk to Mr. Sroa to see if arrangements could be made for Mr. Hernandez to purchase the Property despite Mr. Hernandez's expressed and correct belief that he lacked the money or credit to do so.

31.    A short time thereafter, Mr. Sroa, Mrs. Sroa, and Mr. Reyes spoke with Mr. Hernandez, with Mr. Reyes serving as an interpreter for communications between the others. Mr. Sroa asked Mr. Hernandez for his personal information and told Mr. Hernandez he would see if he could obtain approval of the necessary financing so that Mr.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

7

COMPLAINT AND DEMAND FOR JURY TRIAL

Hernandez could purchase the Property. Mr. and Mrs. Sroa and Mr. Reyes all represented to Mr. Hernandez that he would be able to rent the Second Unit and use the rents received from doing that to help pay for the Property.

32.     In or about January 2006, Mr. Sroa contacted Mr. Hernandez and told him he was speaking with a real estate agent named "Kirt" and that Kirt had said "Yes, you are approved." On information and belief, the "Kirt" referred to by Mr. Sroa was Mr. Menon, and was acting as an employee, agent, or business associate of Defendant Argentum. Mr. Hernandez asked Mr. Sroa when he would be able to purchase the Property, and Mr. Sroa replied "maybe in February," or words to that effect.

33.     Mr. Hernandez had never filled out an application for credit for the approval obtained by Mr. Sroa and Mr. Menon. Based on that fact, on the amount of financing that eventually issued pursuant to that approval, and on the fact that Mr. Hernandez earns only $1500 bi-weekly, Mr. Hernandez alleges, on information and belief, that Mr. Sroa, Mrs. Sroa, Mr. Reyes, and Mr. Menon conspired to submit fraudulent information concerning Mr. Hernandez to induce approval of the financing eventually supplied by BNC and Citibank.

34.     Before the conversation in which Mr. Sroa informed Mr. Hernandez that he had been "approved," Mr. Sroa asked Mr. Hernandez whether he had money to make a down payment on the Property. Mr. Hernandez said that he did not, and indicated that the only way to raise down payment money that he could think of would be to sell his truck. Mr. Sroa told Mr. Hernandez not to worry, that he would provide down payment money in the amount of $175,000 – $20,000 for the realtor and closing costs and the rest to be applied

COMPLAINT AND DEMAND FOR JURY TRIAL

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

to the purchase price. Neither at this time, nor by the time Mr. Sroa told Mr. Hernandez he

was "approved" did Mr. Sroa mention what purchase price he and Mrs. Sroa would require

to sell the Property. Mr. Hernandez assumed he would have an opportunity to negotiate a

fair price for the Property and that the purchase price asked by Mr. and Mrs. Sroa would be

disclosed to him before he was required to decide whether or not he wanted to follow

through with the purchase at such a price. Mr. Sroa did say that he would sell the house to

Mr. Hernandez for $100,000 less than it was worth "to help you." At this time, Mr. Sroa

also suggested that Mr. Hernandez might be able to refinance the Property in two years and

give Mr. Sroa the down payment money back at that time. At this time, Mr. Sroa persisted

in telling Mr. Hernandez nothing about the lack of approval of the Second Unit by the City

of San Rafael. Neither did he mention the amount of the monthly payments for the

financing that had been approved by "Kurt," or disclose the contemplated interest rates, that

the payments would be "interest-only" and not reduce the amount borrowed for the

purchase, or that the financing might include any balloon payment or increase in monthly

payments at any time. Mr. Sroa did tell Mr. Hernandez that he would have to collect rent

from the Second Unit to be able to pay the mortgage payment.

    35.    At or about this time, Agustin and Calista Reyes each separately

represented to Mr. Hernandez that in the unlikely (according to them) event he was not able

to make the required payments that they would help him to do so. On information and

belief, Mr. and Mrs. Reyes may have had a financial interest in the contemplated sale of the

Property to Mr. Hernandez such that they would profit financially from that sale.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

9

COMPLAINT AND DEMAND FOR JURY TRIAL

36.     On or about February 26, 2005, Mr. and Mrs. Reyes approached Mr. Hernandez while he was performing his duties as an employee of Mr. Sroa and told Mr. Hernandez that he was required to immediately accompany Mrs. Reyes to the Title Company to sign documents. At this time, no Defendant had disclosed, verbally or in writing, any of the following to Mr. Hernandez: (a) the proposed purchase price for Mr. Hernandez's proposed purchase of the Property; (b) the amount of money Mr. Hernandez would be required to borrow in order to complete the proposed purchase; (c) any aspect of the cost of the financing Mr. Hernandez would be required to obtain to complete the proposed purchase; (d) the size of monthly payments Mr. Hernandez would be required to pay on any loan he would need to take out in order to complete the proposed purchase; (e) the existence of any increase in monthly payment or balloon payment for any loan Mr. Hernandez would become obligated to pay as a result of the proposed purchase; (f) the fact that the Second Unit had been constructed without required permitting by the City of San Rafael; (g) the fact that the City of San Rafael would not allow Mr. Hernandez to rent the Second Unit to generate revenue to pay for the Property; (h) that Mr. Hernandez would be required to pay any brokerage or loan origination fee to Argentum, BNC, or any other person or entity; (i) the escrow instructions that would govern the acts of Old Republic in closing the transaction; (j) that the BNC Mortgage would be immediately assigned to Option One Mortgage Corporation after BNC had collected a loan origination fee of $999.00 from Mr. Hernandez; or (k) that the payments Mr. Hernandez would make on financing arranged for him by Defendants would require "interest only" payments that would consume more than his entire income without paying for the Property at all.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

10

COMPLAINT AND DEMAND FOR JURY TRIAL

37.    As instructed by his immediate employment supervisor, Mr. Hernandez dutifully proceeded to the offices of Old Republic Title Company accompanied by Mrs. Reyes. There he was presented with a stack of papers which Mrs. Reyes instructed him to sign. All of those papers were written in the English language, and Mr. Hernandez could understand virtually nothing of what they said. None of those papers were translated into Spanish, either verbally or in writing, at that time or at any later time, so there was no means by which Mr. Hernandez could understand what he was signing. When Mr. Hernandez asked what he was being required to sign he was simply told by Mrs. Reyes that they were documents by which he was purchasing the Property and that he was required to sign them. Accordingly, Mr. Hernandez signed all documents he was instructed to sign by Mrs. Reyes and the employees of Old Republic. Before Mr. Hernandez left Old Republic, he was handed a stack of papers which may or may not have been identical to those he signed. One month later, Mr. Reyes demanded that Mr. Hernandez give him the papers obtained at Old Republic. Every time after that that Mr. Hernandez asked Mr. Reyes to return the papers, Mr. Reyes denied that request, giving various explanations, including that they "got lost," and that he "couldn't find them." Mr. Hernandez has never received copies or been able to view copies of the documents he actually signed.

38.    Approximately two months after closing, Mr. Reyes told Mr. Hernandez that he now owned the Property and gave him the keys to the Second Unit, with the instruction that he should arrange for friends or relatives to live with him in the main dwelling and pay him rent, and that he should rent out the Second Unit, all so that he could make the payments on the two purchase money loans that he would otherwise be unable to

ANTONIO L. CORTES
528 WESTLARA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

11
COMPLAINT AND DEMAND FOR JURY TRIAL

make. Mr. and Mrs. Sroa continued to hold the keys to the main dwelling of the Property during that period, and to continue to collect rent during those two months, though requiring Mr. Hernandez to service at least half of the mortgage debt for that period, before delivering possession to Mr. Hernandez.

39.     The purchase transaction by which Mr. Hernandez received title to the Property closed on February 26, 2005, and was consummated that date on the following terms, none of which Mr. Hernandez was made aware of prior to executing the documents setting them forth or for nearly two years thereafter: (a) the purchase price of the Property was $725,000; (b) Mr. Hernandez gave BNC a first mortgage in the amount of $650,000 which obligated Mr. Hernandez to make interest-only payments of $4035.42 for two years, and thereafter in an amount to be recalculated every six months to require payments that could eventually rise to $7827 per month without payment of any of the underlying debt; (c) Mr. Hernandez gave Citibank a second mortgage securing a home equity line of credit with a limit of $75,000 all of which had been drawn down at closing in order to pay the purchase price and which obligated Mr. Hernandez to make payments of $627 per month, more or less, without any diminution of the underlying debt; (d) Mr. Hernandez had paid a brokerage fee of $9750 to Argentum for securing the first mortgage; (e) Mr. Hernandez had paid BNC a loan origination fee of $999 for procuring his obligation to pay a first mortgage to be owned by Option One; (f) Mr. Hernandez had paid a brokerage fee of $750 to Argentum for securing the second mortgage; (g) BNC intended to and had already agreed to immediately assign the first mortgage to Option One; (h) Mr. Hernandez had paid Old Republic $738.55 for a title policy to protect his lenders; (i) Mr. Hernandez had paid Old Republic $1720.13

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

for a title policy to insure his own title; (j) Mr. Hernandez had paid a $400 appraisal fee to Argentum; (k) Mr. Hernandez had paid escrow fees of $1110 to Old Republic; and (l) Mr. Hernandez had paid other non-refundable closing costs of $480 to other parties.

40.    At no time was Mr. Hernandez given an opportunity to choose a title insurer or escrow agent other than Old Republic or to seek a title insurer or escrow agent willing to provide title insurance or escrow services at a lower price than the $2868 he paid Old Republic for those closing costs.

41.    At no time was Mr. Hernandez given an inspection report by the City of San Rafael, as is required by San Rafael Municipal Ordinance. In fact, Mr. and Mrs. Sroa never had the unit inspected by the City of San Rafael, as is required by San Rafael Municipal Ordinance. On information and belief, they did not have the unit inspected because they knew the City of San Rafael would have immediately required them to abate the Second Unit as a nuisance and as an irremediable violation of the San Rafael Building Code.

42.    On information and belief, Argentum is licensed in such a manner that it is required make sure that sellers of residential real estate in San Rafael i procure an inspection report from the City of San Rafael and that the buyer receives a copy of that report prior to closing.

43.    On information and belief, Old Republic was concurrently assisting Mr. and Mrs. Sroa with a 1031 exchange of properties of which the sale of the Property at an exchange service was a part, which was not disclosed to Mr. Hernandez prior to or reasonably after closing.

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

13
COMPLAINT AND DEMAND FOR JURY TRIAL

44.    On information and belief, the Property was worth significantly less than $725,000 at the time the purchase closed, and was not worth more than $675,000 at the time of closing, despite Mr. Sroa's promise to Mr. Hernandez that the purchase price would be $100,000 below market value, or not more than $575,000.

45.    The loans from BNC and Citibank were of less than favorable terms for real estate purchase money loans at the time they were made. The initial interest rates were very high – 7.45% for the first mortgage and 11% for the second mortgage, and calculated to consume $62,262.50 per year at the initial interest rates, or 107.35% of Mr. and Mrs. Hernandez's entire annual income, without any diminution in principal owed. Both loans were made by large institutional lenders who were, at that time, eager to lend money secured by purchase-money mortgages regardless of risks to borrowers. Regardless of those facts, the loan origination fees charged to Mr. Hernandez at closing without his knowledge or consent were very large – $9750 and $750 for the BNC and Citibank loans, respectively, both paid to Argentum, and $999 paid directly to BNC for the first of those. Based on the foregoing facts and the other facts alleged in previous paragraphs of this Complaint, Mr. Hernandez alleges, on information and belief, that Argentum gave a portion of one or both of the loan origination fees it received, or some other benefit, to Mr. and/or Mrs. Sroa, or to some person or entity owned by, controlled by, or associated with them, and in a manner that would inure to their personal benefit.

46.    Shortly thereafter, on or about May 1, 2005, Mr. Hernandez began receiving demands for payment from Option One, ASC, and Citibank. Mr. Hernandez dutifully proceeded to rent out the Second Unit as instructed by Mr. Sroa and Mr. Reyes, to

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

14
COMPLAINT AND DEMAND FOR JURY TRIAL

continue to perform his duties as Mr. Sroa's employee, and to make the payments on the first mortgage to BNC and the second mortgage to Citibank, the latter of which Mr. Hernandez soon discovered was in the form of a Home Equity Line of Credit.

47.    On or about April 6, 2005, almost six weeks *after* signing documents closing the deal at the $725,000 purchase price, all of which was financed by the BNC and Citibank loans, Mr. Sroa summoned Mr. Hernandez to a law office or to some other place where Mr. Sroa informed Mr. Hernandez that he required him to execute an additional document for the house purchase, and that Mr. Hernandez was going to have to pay an additional $500/month directly to Mr. and Mrs. Sroa for a down payment. No such down payment had been disclosed in the purchase documents signed by Mr. Hernandez prior to the closing of the purchase transaction on March 26, 2005.

48.    Although Mr. Hernandez did not wish to make an additional $500/month in payments in addition to the total of $4691/month he had already become obligated to pay Option One and Citibank, he did want to keep his employment with Mr. Sroa, as he had to do in order to make those payments. Mr. Sroa told Mr. Hernandez that if he did not sign the additional document and begin making $500/month payments directly to Mr. Sroa that Mr. Hernandez would not own the Property. Accordingly, Mr. Hernandez did sign that document and did begin making the additional $500/month payments to Mr. and Mrs. Sroa. He continued to make those payments until after he discovered that City of San Rafael would forbid him to receive rents from the Second Unit. When, upon discovering that the Second Unit was illegal, Mr. Hernandez did cease to make the $500/month payments, Mr. Sroa, true to his word, promptly terminated Mr. Hernandez as his employee.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

15

COMPLAINT AND DEMAND FOR JURY TRIAL

49.    The additional document Mr. Sroa required Mr. Hernandez to execute after the purchase of the Property had closed was a Promissory Note ("the April 6, 2005 Note"). It was not translated into Spanish either verbally or orally prior to or after its execution by Mr. Hernandez. The April 6, 2005 Note states that Mr. Hernandez had received $125,000 from Mr. and Mrs. Sroa prior to signing it. That statement is completely false. Mr. Hernandez has never received any money from Mr. and Mrs. Sroa other than the $1500 biweekly wage paid to him by Mr. Sroa while he employed Mr. Hernandez. At no time prior to Mr. Hernandez's execution of the April 6, 2005 Note did any Defendant disclose to Mr. Hernandez that the Second Unit had been built without a building permit or that the City of San Rafael would probably consider the Second Unit an illegal unit. At no time prior to April 6, 2005 did Mr. Sroa or any other Defendant disclose to Mr. Hernandez that the purchase price Mr. Hernandez would be required to pay for the Property would actually be $850,000 rather than the $725,000 stated in the closing documents prepared by Defendants, or the $575,000 promised by Mr. Sroa.

50.    In November 2007, Mr. Hernandez received a notice form the City of San Rafael stating that the Property would be inspected. At no time prior to that date was Mr. Hernandez made aware by any Defendant or other person that the Second Unit had been built without a building permit or that the City of San Rafael might consider the Second Unit an illegal unit. After the inspection, the City demanded documentation that the Second Unit was permitted. Mr. Hernandez then approached Mr. Sroa asking for the demanded documentation, but was unable to do obtain it.

COMPLAINT AND DEMAND FOR JURY TRIAL

51.    On December 13, 2007, the City of San Rafael sent Mr. Hernandez a written notice stating that there were conditions on the Property that violated the San Rafael Municipal Code. That same day, Mr. Sroa summoned Mr. Hernandez to his lawyer's office and demanded that he execute an additional paper. He told Mr. Hernandez that it was necessary for him to sign the additional paper in order to convey the Property back to Mr. Sroa, and that, after the paper was signed, Mr. Sroa would be able to return to Mr. Hernandez all the money he had by then paid to purchase the Property. Accepting that representation, Mr. Hernandez signed the document. No other verbal explanation was given Mr. Hernandez regarding the content of that paper or the effect of his signing it. No written translation of the paper was provided Mr. Hernandez, either at that time, or at any time thereafter. In fact, the document signed by Mr. Hernandez was a Deed of Trust securing the April 6, 2005 Note ("the December 13, 2007 Deed of Trust"). The December 13, 2007 Deed of Trust made no provision for the transfer of the property to Mr. Sroa except by foreclosure, and made no provision at all for the refund to Mr. Hernandez of the money he had already paid to purchase the Property. Mr. Hernandez never received any consideration whatever for his execution of the December 13, 2007 Deed of Trust. The Trustee under the December 13, 2007 Deed of Trust is Defendant Reliable Trust.

52.    In or around January 2008, having received none of the money promised by Mr. Sroa at the signing of the December 13, 2007 Deed of Trust, Mr. Hernandez asked Mr. Sroa when he would be receiving that money. Mr. Sroa responded that it was possible that Mr. Hernandez would not receive any money after all.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

17
COMPLAINT AND DEMAND FOR JURY TRIAL

53.    Around this time, Mr. Hernandez was communicating with the City of San Rafael and attempting to discover what its concerns were with the Property and what could be done to address them. From the City he learned that Mr. Sroa had not obtained a permit to build the Second Unit, that the Second Unit was not constructed in accordance with the City's Building Code, that the Second Unit could never be permitted by the City, and that Mr. Hernandez would be fined if he continued to rent it out.

54.    In January 2008, realizing that he had been cheated by Mr. and Mrs. Sroa and the other Defendants, Mr. Hernandez ceased making payments to Mr. and Mrs. Sroa, ASC, and Citibank. At that time, he approached Mr. and Mrs. Reyes and demanded copies of the papers he had signed at the offices of Old Republic in February 2005. After several times telling him that they had no such papers, and that he could only get them from Old Republic, if at all, Mr. and Mrs. Reyes finally admitted that they had copies of those papers in the office provided them by Mr. Sroa, and gave Mr. Hernandez some papers. None of the papers he received bear his signature, and they may or may not be papers that are the same as those he signed in February 2005. On information and belief, at least some of the papers he received are different than the papers he signed at closing.

55.    Between February 1, 2006 and the filing of this Complaint, Mr. and Mrs. Hernandez have paid sums not less than the following amounts to the following Defendants to satisfy Mr. Hernandez's purported obligations under the purported purchase of the Property by Mr. Hernandez: (a) $78,259 in interest to BNC Mortgage and its successors and assigns, including Option One and ASC; (b) $13,829.13 interest to Citibank;

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

(c) $10,500 interest to Mr. and Mrs. Sroa; (d) $10,900 in fees to Argentum; (e) not less than $14,029 to Old Republic; and (f) not less than $108 in fees to Mr. McGillicuddy.

56.    The City of San Rafael demanded that Mr. Hernandez evict the tenants to whom he had rented the Second Unit no later than February 13, 2008. After seeking extensions of this deadline, Mr. Hernandez was able to persuade the tenants to vacate that the Second Unit in April 2008, and ceased to be able to receive rents for that property.

57.    Some time after April 2, 2008, Mr. Hernandez received a Notice of Default and Election to Sell under Deed of Trust purporting to give Mr. Hernandez notice that Mr. and Mrs. Sroa, through Redwood, would foreclose on the December 13, 2007 Deed of Trust for an arrearage on the April 6, 2005 Promissory Note.

58.    On May 20, 2008, the City of San Rafael initiated administrative proceedings against Mr. Hernandez on the ground that he caused and maintained a nuisance in the form of the Second Unit. In those pending proceedings, the City seeks to require Mr. Hernandez to pay it $4900 in penalties and $1364.60 in administrative costs, and to perform abatement the City estimates will cost $15,000.

59.    On May 31, 2008, Mr. Hernandez served each Defendant with a notice of rescission of his purchase of the Property and his giving of the associated mortgages and trust deeds to BNC, Citibank, and Mr. and Mrs. Sroa.

60.    The purported promissory notes and trust deeds between Mr. Hernandez and BNC, Citibank, and Mr. and Mrs. Sroa all contain agreements such that if Mr. Hernandez is a prevailing party in this civil action against any of those Defendants or

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

their agents, employees, successors, or assigns, then Mr. Hernandez will be entitled to an award of his attorneys' fees reasonably incurred in bringing and pursuing this action.

### FIRST CAUSE OF ACTION
Violation of the Truth in Lending Act, 15, USC § 1601 *et seq.*, and
Federal Reserve Regulation Z, 12 CFR § 226 *et seq.*
Against all Defendants

61.     Plaintiffs restate and reallege the foregoing paragraphs 1 through 60 as if fully restated and incorporate them herein by this reference.

62.     One purpose of the Truth in Lending Act (TILA) is that all borrowers in the United States of America, prior to becoming obligated on an extension of consumer credit, must receive a meaningful disclosure of the credit terms so that the consumer will be readily able to compare the various credit terms available to him and avoid the uninformed use of credit.

63.     Each Defendant violated said purpose by acting in concert with each other Defendant to arrange financing of the Property in a manner that Mr. Hernandez became obligated on the purported mortgages to BNC, Citibank, and Mr. and Mrs. Sroa without first being able to compare the credit terms with alternatively available credit terms.

64.     TILA also required each Defendant to make Mr. Hernandez fully aware of the costs of the credit extended to him by or with the assistance of each such Defendant.

65.     BNC, Argentum, Mr. and Mrs. Sroa, and Mr. and Mrs. Reyes each violated TILA by failing to inform Mr. Hernandez that he would be paying $10,749 in loan origination fees to obtain the BNC loan. Citibank, Argentum, Mr. and Mrs. Sroa, and Mr.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

20
COMPLAINT AND DEMAND FOR JURY TRIAL

and Mrs. Reyes each violated TILA by failing to inform Mr. Hernandez that he was paying $750 to obtain the Citibank loan.

66.    TILA also required each Defendant to make Mr. Hernandez fully aware of the interest rates, terms, and costs of the credit extended to him by or with the assistance of each such Defendant.

67.    BNC, Argentum, Mr. and Mrs. Sroa, and Mr. and Mrs. Reyes each violated TILA by failing to disclose to Mr. Hernandez the finance charges he incurred as a result of the credit extended to him by the BNC loan and other disclosures associated with that loan and required by TILA and Regulation Z.

68.    Citibank, Argentum, Mr. and Mrs. Sroa, and Mr. and Mrs. Reyes each violated TILA by failing to disclose to Mr. Hernandez the finance charges he incurred as a result of the credit extended to him by the Citibank loan and other disclosures associated with that loan and required by TILA and Regulation Z.

69.    Argentum, Mr. and Mrs. Sroa, and Mr. and Mrs. Reyes each violated TILA by failing to disclose to Mr. Hernandez the finance charges he purportedly incurred and other disclosures required by TILA and Regulation Z as a result of the credit purportedly extended to him by the April 6, 2005 Note and December 13, 2007 Deed of Trust Mr. Hernandez was required to give to Mr. and Mrs. Sroa after the purchase of the Property had closed.

70.    Any and all statutes of limitation relating to disclosures and notices required under TILA and Regulation Z were tolled due to the Defendants' failures to

ANTONIO L. CORTES
528 WISHIRA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

21

COMPLAINT AND DEMAND FOR JURY TRIAL

effectively or timely provide statutorily- required disclosures and notices and Plaintiff's consequent ignorance of the facts giving rise to this cause of action.

71.    An actual controversy now exists between Plaintiffs, who contend that Mr. Hernandez has the right to rescind all the foregoing loans, and Defendants, who, on information and belief, will deny that right.

72.    Mr. Hernandez has been damaged as a direct and proximate result of the foregoing violations in an amount to be proven at trial and not yet fully ascertained, including, without limitation, statutory damages and all amounts paid or to be paid in connection with each foregoing extensions of credit.

73.    Defendants have been unjustly enriched by Plaintiffs at the expense of Plaintiffs, who are therefore entitled to equitable restitution and disgorgement of profits obtained by Defendants.

SECOND CAUSE OF ACTION
Violation of the Real Estate Settlement Procedures Act, 12, USC § 2601m *et seq.*,
Against all Defendants

74.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 73 as if fully restated and incorporate them herein by this reference.

75.    The purposes of the Real Estate Settlement Procedures Act ("RESPA") include, among other things, (a) to require more effective advance disclosure to home buyers of settlement costs, and (b) to eliminate kickbacks or referral fees that tend to increase unnecessarily the costs of financing homes.

76.    All Defendants violated RESPA and Regulation X by concealing and failing to disclose to Mr. Hernandez the $400.00 paid to Argentum at closing as a purported

ANTONIO L CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

22

COMPLAINT AND DEMAND FOR JURY TRIAL

appraisal fee for the BNC loan, the $9750.00 paid to Argentum at closing as a purported origination fee for the BNC loan, the $999.00 paid to BNC at closing as a purported origination fee for what was, in substance, a loan from Option One, and the $750.00 paid to Argentum at closing as a purported origination fee for the Citibank loan. None of these charges were disclosed to Mr. Hernandez by any Defendant prior to closing or within 22 months thereafter.

77.    BNC and Citibank violated RESPA and Regulation X by failing to give Mr. Hernandez a good faith estimate of settlement services as required by that Act.

78.    All Defendants failed to give Mr. Hernandez the option of paying a lower amount of total fees up front by concealing these charges from him until long after he had incurred them.

79.    On information and belief, Argentum, Mr. Sroa, and Mrs. Sroa violated RESPA and Regulation X by Argentum's giving a portion of some of those sums to Mr. Sroa and Mrs. Sroa as a prohibited unearned fee and/or "kickback."

80.    On information and belief, Option One and BNC violated RESPA and Regulation X by Option One's giving BNC the undisclosed $999.00 as a prohibited unearned fee and/or "kickback."

81.    Defendant Argentum violated RESPA and Regulation X by charging Mr. Hernandez the $9750.00 origination fee for the BNC loan, the $400 appraisal fee for the BNC loan, and the $750.00 origination fee for the Citibank loan because those fees were excessive fees prohibited by RESPA. Insofar as Argentum might claim that those fees were reasonable because earned by procuring the loans for Mr. Hernandez, those fees were not

ANTONIO L. CORTÉS
528 WINO RIO WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

23

COMPLAINT AND DEMAND FOR JURY TRIAL

reasonable, and were excessive, because, on information and belief, Argentum failed to disclose to BNC, Option One, and Citibank that Mr. Hernandez did not have adequate income or credit to afford the loans Argentum and BNC Mortgage procured as justification for those fees. BNC violated RESPA and Regulation X for the same reasons with respect to its $999.00 origination fee for the Option One loan. Argentum and BNC therefore performed no service to Mr. Hernandez or his lenders to earn any fee, and instead performed a disservice to Mr. Hernandez and to his lenders by procuring the financing, and any fee at all would therefore have been completely unearned and for that reason excessive.

82.    Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, and Argentum all violated RESPA and Regulation X by requiring Mr. Hernandez to purchase title insurance and escrow services from Old Republic, a title insurer they had chosen for him without his consent, at a cost to Mr. Hernandez of not less than $2,458.68.

83.    Insofar as Mr. and Mrs. Sroa may have realized an advantage from their choice of Old Republic for Mr. Hernandez, because of their undisclosed 1031 exchange transaction or otherwise, their choice of Old Republic as the provider of escrow services and title insurance enabled them to receive a prohibited unearned fee and/or "kickback" in violation of RESPA and Regulation X.

84.    Any and all statutes of limitation relating to disclosures and notices required under RESPA and Regulation X were tolled due to the Defendants' failures to effectively or timely provide statutorily-required disclosures and notices and Plaintiff's consequent ignorance of the facts giving rise to this cause of action.

ANTONIO L. CORTÉS
528 WESTILDA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415)256-1919

24
COMPLAINT AND DEMAND FOR JURY TRIAL

85.    Pursuant to 12 USC §§ 2607 (d) and 2608(b), Mr. Hernandez is entitled to recover from Defendants an amount equal to three times the amount of any and all charges for all "settlement services" paid directly or indirectly by Mr. Hernandez, including but not limited to those described above, as well as actual damages, court costs, attorneys' fees, and any other amounts or damages permissible under RESPA.

### THIRD CAUSE OF ACTION
### Violation of Civil Code § 1632
### By Mr. and Mrs. Hernandez against All Defendants

86.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 85 as if fully restated and incorporate them herein by this reference.

87.    Defendants BNC Mortgage and Option One violated the Spanish Language Contract Act (Cal. Civ. Code §1632) when their brokers and agents – Defendants Argentum, Mr. and Mrs. Sroa, and Mrs. and Mrs. Reyes, Old Republic Title Company, and Terry McGillicuddy, conducted the mortgage loan transactions primarily or entirely in Spanish, but failed to provide a Spanish-language version of any loan agreements, promissory notes, trust deeds, and other contracts documenting the BNC/OptionOne Mortgage, to Mr. Hernandez for his review prior to or after his execution of those contracts.

88.    Defendant Citibank violated the Spanish Language Contract Act (Cal. Civ. Code §1632) when its brokers and agents – Defendants Argentum, Mr. and Mrs. Sroa, and Mrs. and Mrs. Reyes, Old Republic Title Company, and Terry McGillicuddy, conducted the mortgage loan transactions primarily or entirely in Spanish, but failed to provide a Spanish-language version of all loan agreements, promissory notes, trust deeds, and other

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

25
COMPLAINT AND DEMAND FOR JURY TRIAL

contracts documenting the Citibank Home Equity Line of Credit to Mr. Hernandez for his review prior to or after his execution of those contracts.

89.    Defendants Mr. and Mrs. Sroa violated the Spanish Language Contract Act (Cal. Civ. Code §1632) when they and their agents, Defendants Mrs. and Mrs. Reyes, conducted the purported mortgage loan transaction purportedly documented by the April 6, 2005 Note and the purported December 13, 2007 Deed of Trust primarily or entirely in Spanish, but failed to provide a Spanish-language version of those purported contracts to Mr. Hernandez for his review prior to or after his execution of those contracts.

90.    Old Republic violated the Spanish Language Contract Act (Cal. Civ. Code §1632) when it and its agents – Terry McGillicuddy, Mr. Sroa, Mrs. Sroa, Mr. Reyes, and Mrs. Reyes, forced, persuaded, or otherwise induced Mr. Hernandez to sign a Special Sale Instructions contract and other closing documents during conversations with him conducted primarily or entirely in Spanish but failed to provide a Spanish-language version of any or all such closing documents to Mr. Hernandez for his review prior to or after he signed them.

91.    As a result of each and all the foregoing violations of the Spanish Language Contract Act, Mr. and Mrs. Hernandez have been injured in an amount to be determined at trial to exceed $1,063,125.00.

92.    Because Defendants' violations of the Spanish Language Contract Act were oppressive, fraudulent, and malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages in an amount to be proven at trial to be between $2,126,150.00 and $9,568,125.00, inclusive.

FOURTH CAUSE OF ACTION

ANTONIO L CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

Fraud I

Against Mr. and Mrs. Sroa and Mr. and Mrs. Reyes

93.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 92 as if fully restated and incorporate them herein by this reference

94.    Mr. and Mrs. Sroa and Mr. and Mrs. Reyes represented to Mr. Hernandez that he could rent the Second Unit in order to pay the mortgage debt necessary for him to incur in order to purchase the Property.  Indeed, they told him that he would have to rent the Second Unit in order to service the financing they had arranged for him in order to purchase the Property.

95.    At the time Mr. and Mrs. Sroa and Mr. and Mrs. Reyes made those representations to Mr. Hernandez, they knew that the Second Unit had been built without the required building permit and in serious violation of the San Rafael Building Code, and could not legally be rented.

96.    Mr. and Mrs. Sroa and Mr. and Mrs. Reyes made those representations to Mr. Hernandez intending to induce him to purchase the Property.

97.    Mr. Hernandez relied upon those representations in allowing himself to be persuaded and coerced into signing the documents causing his indebtedness to Option One and Citibank, and his alleged indebtedness to Mr. and Mrs. Sroa.

98.    Mr. and Mrs. Hernandez have been injured by that reliance in that Mr. Hernandez has incurred debt to Option One and Citibank that he and Mrs. Hernandez cannot afford to repay, and a purported debt to Mr. and Mrs. Sroa that he and Mrs. Hernandez cannot afford to satisfy, all due to the fact that Mr. Hernandez cannot legally

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

obtain rents from the Second Unit, and may be required by the City of San Rafael to remove

it from the Property. Their financial injury will be proven at trial to exceed $1,138,125.00.

99.    Because Defendants' conduct was oppressive, fraudulent, and

malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages in an amount to be

proven at trial to be between $2,776,250.00 and $10,243,125.00, inclusive.

FIFTH CAUSE OF ACTION
Equitable Rescission
By Mr. Hernandez against Mr. and Mrs. Sroa, Option One, BNC,
Argentum, Citibank, and Old Republic

100.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 99

as if fully restated and incorporate them herein by this reference.

101.    The BNC Note, the BNC Deed of Trust, the Citibank Note, the

Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust

were all procured with fraud and coercion.

102.    Defendants have failed to convey to Mr. Hernandez the consideration

Mr. Hernandez was promised he would receive for executing the BNC Note, the BNC Deed

of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the

December 13, 2007 Deed of Trust.

103.    Mr. Hernandez is entitled to rescission of the BNC Note, the BNC

Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and

the December 13, 2007 Deed of Trust due to their procurement by fraud and duress, and due

to the failure of Mr. and Mrs. Sroa to deliver to him the bargained for consideration, a two-

unit residential dwelling.

ANTONIO L. CORTES
528 WESTERA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

28
COMPLAINT AND DEMAND FOR JURY TRIAL

104.    Mr. Hernandez has notified Defendants of his rescission of the BNC Note, the BNC Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust and has offered to restore Defendants to all consideration he has received under those instruments upon his being restored to the consideration he has given under them.

105.    Plaintiffs are willing to do equity as this case may require.

106.    Unless the BNC Note, the BNC Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust are rescinded, Mr. and Mrs. Hernandez will suffer damages in the amounts described in this complaint, and will remain subject to penalties exacted upon them by the City of San Rafael for the misdeeds of Mr. and Mrs. Sroa and Mr. and Mrs. Reyes.

SIXTH CAUSE OF ACTION
Avoidance
By Mrs. Hernandez

107.    Mrs. Plaintiffs restate and reallege the foregoing paragraphs 1 through 106 as if fully restated and incorporate them herein by this reference.

108.    The Property is the community property of Mr. and Mrs. Hernandez.

109.    At the time Mr. Hernandez signed the BNC Note, the BNC Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust he was the lawful husband of Mrs. Hernandez.

110.    Mrs. Hernandez did not execute any of the foregoing instruments, nor was she given the opportunity to do so.

ANTONIO L. CORTES
528 WESTERN WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

29
COMPLAINT AND DEMAND FOR JURY TRIAL

111.    BNC Deed of Trust, the Citibank Deed of Trust, the December 13, 2007 Deed of Trust all encumber the Property, which is Mr. and Mrs. Hernandez's community property.

112.    BNC Note, the Citibank Note, and the April 6, 2005 Note were intended to be satisfied with Mr. and Mrs. Hernandez's community property, and, at all times, have been satisfied with their community property.

113.    Under California law, Mrs. Hernandez is entitled to a judgment voiding the BNC Note, the BNC Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust.

114.    Any and all statutes of limitation relating to Mrs. Hernandez's spousal right to void BNC Note, the BNC Deed of Trust, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, and the December 13, 2007 Deed of Trust were tolled due to the Defendants' failures to effectively or timely provide statutorily-required disclosures and notices and Plaintiff's consequent ignorance of the facts giving rise to this cause of action.

115.    Mrs. Hernandez is entitled to a judgment requiring Defendants to disgorge all payments heretofore made on the BNC Note, the Citibank Note, and the April 6, 2005 Note, a total of $102,988.13, because such payments were made from community funds under notes and mortgages obtained by Defendants without her signature or consent.

///

SEVENTH CAUSE OF ACTION
Fraud II
Against Mr. Sroa

ANTONIO L CORTES
528 WISHERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

30
COMPLAINT AND DEMAND FOR JURY TRIAL

116.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 115 as if fully restated and incorporate them herein by this reference.

117.    Mr. Sroa represented to Mr. Hernandez that the purchase price of the Property would be $100,000.00 below its fair market value.

118.    Mr. Hernandez relied upon that representation when allowing himself to be persuaded and coerced into signing the documents causing his indebtedness to Option One and Citibank, and his alleged indebtedness to Mr. and Mrs. Sroa.

119.    In making that representation Mr. Sroa intended to induce Mr. Hernandez to execute the documents for the purchase of the Property.

120.    In fact, the actual purchase price of the Property was $725,000.00. The actual fair market value of the Property at the time of purchase was approximately $675,000.00.

121.    When Mr. Sroa represented to Mr. Hernandez that the purchase price of the Property would be $100,000.00 below its fair market value, he knew:  (a) that the Property was worth approximately $675,000.00; (b) that he would arrange papers for Mr. Hernandez to sign setting a purchase price that was not $100,000.00 below fair market value; and/or (c) that he would later claim to Mr. Hernandez that the purchase price had actually been $125,000.00 higher than the actual purchase price disclosed to Mr. Hernandez and the lenders at closing.

122.    Mr. and Mrs. Hernandez have been injured by that reliance in that Mr. Hernandez has incurred debt to Option One and Citibank that he and Mrs. Hernandez cannot afford to repay, and a purported debt to Mr. and Mrs. Sroa that he and Mrs.

ANTONIO L. CORTÉS
528 WESTERN WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

Hernandez cannot afford to satisfy, all due to the fact that they cannot sell the property to satisfy that debt because, as a consequence of Mr. Sroa's misrepresentations, its value is below market value and below the debt it secures. Their financial injury will be proven at trial to exceed $1,138,125.00.

123.    Because Mr. Sroa's conduct was oppressive, fraudulent, and malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages in an amount to be proven at trial to be between $2,776,250.00 and $10,243,125.00, inclusive.

### EIGHTH CAUSE OF ACTION
### Fraud III
### Against Mr. and Mrs. Reyes

124.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 123 as if fully restated and incorporate them herein by this reference

125.    Mr. and Mrs. Reyes each represented to Mr. Hernandez that, in the event he could not afford to make the payments on the debts he incurred to purchase the Property, they would assist him to do so.

126.    Mr. and Mrs. Reyes made those representations intending to induce Mr. Hernandez to execute the documents causing him to purchase the Property and to incur the indebtedness secured by it.

127.    Those representations were false.

128.    Mr. and Mrs. Reyes knew those representations to be false when made.

ANTONIO L. CORTES
528 WEST RIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

32

COMPLAINT AND DEMAND FOR JURY TRIAL

129.    Mr. Hernandez relied upon those representations when allowing himself to be persuaded and coerced into signing the documents causing his indebtedness to Option One and Citibank, and his alleged indebtedness to Mr. and Mrs. Sroa.

130.    Mr. and Mrs. Hernandez have been injured by that reliance in that Mr. Hernandez has incurred debt to Option One and Citibank that he and Mrs. Hernandez cannot afford to repay, and a purported debt to Mr. and Mrs. Sroa that he and Mrs. Hernandez cannot afford to satisfy.  Their financial injury will be proven at trial to exceed $1,138,125.00.

131.    Because Mr. and Mrs. Reyes's conduct was oppressive, fraudulent, and malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages in an amount to be proven at trial to be between $2,776,250.00 and $10,243,125.00, inclusive.

NINTH CAUSE OF ACTION
Predatory Lending
Against Mr. and Mrs. Sroa and BNC

132.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 131 as if fully restated and incorporate them herein by this reference.

133.    Because of Mr. Sroa's unique position as Mr. Hernandez's employer, he knew that Mr. Hernandez would not be able to afford the payments on the financing for the Property and still pay off the Third Promissory Note.

134.    Because Mr. Sroa knew that the Second Unit was illegal, having been constructed by Mr. Sroa without the required permit and inspection by the City of San Rafael, Mr. Sroa knew that the April 6, 2005 Promissory Note would ultimately prove impossible for Mr. Hernandez to pay.  Accordingly, Mr. Sroa obtained the April 6, 2005

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

33
COMPLAINT AND DEMAND FOR JURY TRIAL

Promissory Note with the intention that Mr. Hernandez would not be able to pay the amount stated as owed in that Note, and intended that Mr. Hernandez would fail in his obligations.

135.     As Mr. Hernandez's employer, Mr. Sroa owed Mr. Hernandez fiduciary and other duties with respect to all the financial transactions Mr. Sroa required Mr. Hernandez to enter into to purchase the Property, especially, though not necessarily, while Mr. Hernandez was in paid status as Mr. Sroa's employee for the financial benefit of Mr. Sroa, and especially, though not necessarily, when Mr. Sroa was to sole party privy to and able to control the terms of the financial transaction between him and his employee.

136.     BNC and Argentum owed Mr. Hernandez a fiduciary duty, under California Financial Code § 4979.5 and otherwise, and other duties, not to require him to pay large fees to procure the BNC/OptionOne Loan, and the large payments required by that Loan, because they each actually knew, and should have known, that Mr. Hernandez could not pay that loan, the minimum payments of which were more than 100% of his gross annual salary, yet callously foisted that loan upon Mr. Hernandez to gain title to the Property for less than its true value.

137.     Argentum owed Mr. Hernandez a fiduciary duty, under California Financial Code § 4979.5 and otherwise, and other duties, not to require him to pay large fees to procure the Citibank Loan, and the large payments required by that Loan, because it actually knew that Mr. Hernandez could not pay that loan, because the minimum payments of the BNC/OptionOne loan would consume more than 100% of his gross annual salary, yet callously foisted that loan upon Mr. Hernandez to earn exorbitant fees and interest.

ANTONIO L. CORTÉS
528 WESTERN WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

34

COMPLAINT AND DEMAND FOR JURY TRIAL

138.    Mr. and Mrs. Sroa, Argentum, BNC Mortgage, Option One, and Citibank all knew that Mr. Hernandez would certainly be damaged by entering into the BNC/OptionOne Loan and the Citibank Loan, but also knew that they stood to benefit financially from his doing so, and therefore made those loans to Mr. Hernandez in order to intentionally prey upon his inability to pay those loans.

139.    Mr. and Mrs. Sroa knew that Mr. Hernandez would certainly be damaged by signing the April 6, 2005 Note and the December 13, 2007 Deed of Trust but intended in the short term to use those instruments to force Mr. and Mrs. Hernandez to make payments they could not afford and for which they had received no consideration, and intended in the long term to regain title to the Property.

140.    Mr. and Mrs. Hernandez have been injured by the predatory lending practices of Mr. and Mrs. Sroa and BNC in that Mr. Hernandez has incurred debt to Option One and Citibank that he and Mrs. Hernandez cannot afford to repay, and a purported debt to Mr. and Mrs. Sroa that he and Mrs. Hernandez cannot afford to satisfy, all due to the fact that they cannot sell the property to satisfy that debt because, as a consequence of Mr. Sroa's misrepresentations, its value is below market value and below the debt it secures. Their financial injury will be proven at trial to exceed $1,138,125.00.

TENTH CAUSE OF ACTION
Negligence
Against Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum,
BNC, Old Republic, Mr. Menon, and Mr. McGillicuddy

141.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 140 as if fully restated and incorporate them herein by this reference.

ANTONIO L. CORTÉS
528 WESTLINE WAY
SAN RAFAEL CA 94903
(415) 256-1911
FAX (415) 256-1919

35
COMPLAINT AND DEMAND FOR JURY TRIAL

142.    All Defendants had a duty to take reasonable steps to inform Mr. Hernandez of all terms of the purchase and financing of the Property they arranged for him and to inform him of all such terms at a time in advance of the purchase so that he could examine those terms and make an informed decision whether or not it was worth it to him to purchase the property on those terms.

143.    Mr. and Mrs. Sroa, Mrs. and Mrs. Reyes, Mr. Menon, and Argentum each breached that duty by arranging the execution of the purchase and loan documents in a manner that would prevent Mr. Hernandez from knowing the terms of the purchase and loan transactions yet strongly motivate him to sign them. All Defendants breached that duty by using Mr. Hernandez's inability to read English to conceal from him: (a) the terms of the purchase transaction; (b) the terms of the loan BNC loan transaction; (c) the terms of the loan Citibank loan transaction; (d) the amount he was to pay for finders' fees; (e) the amount he was to pay for escrow fees; and (f) the amount he was to pay for title insurance.

144.    Mr. and Mrs. Sroa and Mr. and Mrs. Reyes each had a duty to disclose to Mr. Hernandez that the Second Unit had been built without a permit and could not be legally used to generate rents.

145.    Mr. and Mrs. Sroa and Mr. and Mrs. Reyes each intentionally breached that duty by refusing to disclose to Mr. Hernandez that the Second Unit had been built without a permit and could not be legally used to generate rents.

146.    BNC had a duty to take reasonable steps to inform Mr. Hernandez that it was collecting a finders' fee from him for procuring the Option One loan. BNC also

ANTONIO L. CORTÉS
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

assumed fiduciary duty to Mr. Hernandez by functioning as a broker in obtaining the loan from Option One.

147.    BNC breached those duties by not informing Mr. Hernandez that it was collecting a finders' fee from him for procuring the Option One loan.

148.    BNC and Citibank each had a duty to take reasonable steps to avoid injuring lenders by burdening them with debt they could not afford.

149.    BNC and Citibank each breached that duty by: (a) not taking reasonable steps to obtain information from Mr. Hernandez regarding his ability to pay; and/or (b) giving him "full doc" loans without requiring full documentation of his ability to pay.

150.    Argentum and Mr. Menon each had a duty to use reasonable care not to cause foreseeable harm to Mr. and Mrs. Hernandez.  Argentum and Mr. Menon also each had a fiduciary duty to Mr. Hernandez in acting as a loan broker to procure the BNC/OptionOne Loan and the Citibank Loan.

151.    Argentum and Mr. Menon each breached those duties by failing to inform Mr. Hernandez of the terms of the financing they procured for him, failing to inform him of the fees they were paying themselves with the financing they procured for him, and by arranging financing they actually knew, and should have known even without that actual knowledge, that Mr. Hernandez could not afford.

152.    Mr. and Mrs. Hernandez have been injured by all the forgoing breaches in that Mr. Hernandez has incurred debt to Option One and Citibank that he and Mrs. Hernandez cannot afford to repay, and a purported debt to Mr. and Mrs. Sroa that he

ANTONIO L. CORTES
828 WEST HAY WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

1   and Mrs. Hernandez cannot afford to satisfy. Their financial injury will be proven at trial to

2   exceed $1,138,125.00.

3        153.    All Defendants knew or should have known that such damage would

4   likely result from the foregoing breaches.

5        154.    Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr. Menon, and

6

7   BNC each breached their respective duties with oppression, fraud, and/or malice in that,

8   among other things, Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Mr. Menon, and Argentum,

9   each intended to profit by deceiving Mr. Hernandez in a manner they knew would probably

10  injure him and his family, and each intended to deceive BNC and Citibank in a manner they

11  knew would probably injure Mr. Hernandez and those lenders. BNC, Mr. Menon, and

12

13  Argentum each intended to profit by collecting undisclosed fees from Mr. Hernandez at his

14  expense and without his knowledge, and with the knowledge that the resulting losses would

15  be borne by Mr. and Mrs. Hernandez, Option One, and Citibank.

16       155.    Because Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr.

17  Menon, and BNC's conduct was oppressive, fraudulent, and malicious, Mr. and Mrs.

18  Hernandez are entitled to exemplary damages from those Defendants in an amount to be

19  proven at trial to be between $2,776,250.00 and $10,243,125.00, inclusive.

20

21                    ELEVENTH CAUSE OF ACTION
                           Negligence *per se*
22                         Against all Defendants

23       156.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 155

24  as if fully restated and incorporate them herein by this reference

25

26

27

28

ANTONIO L. CORTES
528 WESTERN WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL

157.   By engaging in the foregoing acts and omissions that injured Plaintiffs, Defendants violated the following statutes:  (a) TILA; (b) RESPA, (c) the Equal Credit Opportunity Act ("ECOA"), 15 USC §1691, *et seq.*; (d) California Civil Code §1632; and (e) California Family Code § 1102.

158.   Defendants' violations of each of the foregoing statutes proximately caused injury to Plaintiffs in that those violations have caused Mr. and Mrs. Hernandez to become burdened with debts that they cannot afford to repay, and a purported debt to Mr and Mrs. Sroa that he and Mrs. Hernandez cannot afford to satisfy.  Their financial injury will be proven at trial to exceed $1,138,125.00.

159.   The injury to Plaintiffs proximately caused by Defendants' violations of the foregoing statutes was the injury those statutes were enacted to prevent.

160.   Plaintiffs are members of the classes of persons the foregoing statutes were enacted to protect.

161.   Because the violations of the foregoing statutes by Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, and BNC were oppressive, fraudulent, and malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages from those Defendants in an amount to be proven at trial to be between $2,776,250.00 and $10,243,125.00, inclusive

### TWELFTH CAUSE OF ACTION
#### Breach of Contract
#### Against Mr. & Mrs. Sroa

162.   Plaintiffs restate and reallege the foregoing paragraphs 1 through 161 as if fully restated and incorporate them herein by this reference.

COMPLAINT AND DEMAND FOR JURY TRIAL

163. In consideration of the April 6, 2005 Note, Mr. and Mrs. Sroa promised to give and deliver $125,000 to Mr. Hernandez.

164. Insofar as the April 6, 2005 Note might be found to be a valid and subsisting contract, Plaintiffs allege that Mr. and Mrs. Sroa are in breach of that contract because they have failed and refused to deliver to Mr. Hernandez the promised $125,000 the April 6, 2005 Note states as the consideration for its execution.

165. Mr. Hernandez has performed all his duties under the April 5, 2006 Note except as justly excused by Mr. and Mrs. Sroa's breach thereof.

166. As a direct and proximate result of Mr. and Mrs. Sroa's breach of the April 6, 2005 Note, Mr. Hernandez has been injured in that: (a) he does not have the $125,000 to be paid him by Mr. and Mrs. Sroa under that note; (b) he has paid Mr. and Mrs. Sroa $10,500 in interest on those funds that he has never received; and (c) Mr. and Mrs. Hernandez have incurred attorneys' fees to assert their rights and prevent foreclosure of their home.

### THIRTEENTH CAUSE OF ACTION
Breach of Implied Covenant of Good Faith and Fair Dealing
Against Mr. and Mrs. Sroa, BNC Mortgage, Argentum, and Old Republic

167. Plaintiffs restate and reallege the foregoing paragraphs 1 through 166 as if fully restated and incorporate them herein by this reference.

168. The BNC/Option One Note, the BNC/Option One Deed of Trust, the BNC Borrower's Certification and Authorization, BNC's General Closing Instructions, BNC's Specific Closing Instructions, BNC's Addendum to Note – Prepayment Penalty Charge, BNC's Prepayment Charge Rider,, BNC's Adjustable Rate Rider, BNC's

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

40
COMPLAINT AND DEMAND FOR JURY TRIAL

Addendum to Note for Interest Only Payment Period, BNC's Notice of Assignment, Sale, or Transfer of Servicing Rights, the Citibank Note, the Citibank Deed of Trust, the April 6, 2005 Note, the December 13, 2007 Deed of Trust, any loan agreements between BNC and Citibank and Mr. Hernandez, the Contracts of Title Insurance provided by Old Republic to Mr. Hernandez, the Amendment to Escrow Instructions/Contract Substitution of Seller, the Special Sale Instructions to Old Republic Title Company prepared by Old Republic Title Company, the Supplemental Escrow Instructions to Old Republic Title Company prepared by Old Republic Title Company, the Amendment to Escrow Instructions/Contract Substitution of Seller – Direct Deed prepared by Timcor Exchange Corporation on behalf of Mr. and Mrs. Sroa, and all other documents of a contractual nature prepared by Defendants for Mr. Hernandez to sign to close his purchase of the Property, each and all contained implied covenants of good faith and fair dealing.

169.    The purpose of each and every one of the foregoing contracts was to obtain Mr. Hernandez's informed consent to one or more aspects of the financing of his purchase of the Property, the securing of that financing, the provision of services related to the purchase of the Property for which Mr. Hernandez was paying, and/or the insurance of his title to the property.

170.    Mr. Hernandez's apparent or ostensible consent to each of the foregoing contracts was obtained by one or more Defendant without obtaining his actual informed consent, in breach of the implied covenants of good faith and fair dealing in each such contract.

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

41

COMPLAINT AND DEMAND FOR JURY TRIAL

171.    As a result of those violations of the covenants of good faith and fair dealing contained in the foregoing contracts, Mr. and Mrs. Hernandez have been injured in an amount to be determined at trial to exceed $1,063,125.00.

172.    Defendants' violation of the covenants of good faith and fair dealing contained in the foregoing contracts were intentional and/or in willful disregard for readily apparent damage to Mr. and Mrs. Hernandez. Most or all Defendants, including, without limitation, Mr. Sroa, Mrs. Sroa, Mr. Reyes, Mrs. Reyes, Argentum, and BNC Mortgage, breached the implied covenants of good faith and fair dealing in the foregoing contracts while acting as Mr. Hernandez's fiduciary. Accordingly, Mr. Sroa, Mrs. Sroa, Mr. Reyes, Mrs. Reyes, Argentum, and BNC Mortgage, are liable for punitive and exemplary damages for those breaches in an amount between two and nine times the actual damage suffered by Mr. and Mrs. Reyes as a result of those breaches.

FOURTEENTH CAUSE OF ACTION
Unfair Business Practices
Against All Defendants

173.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 172 as if fully restated and incorporate them herein by this reference

174.    In acting as herein alleged, Defendants have engaged in a pattern or practice of unconscionable, fraudulent, and unlawful conduct in the issuing of credit, making of loans, and other financial lending transactions and dealings, and therefore have engaged in acts of unfair competition as defined n the California Business and Professional Code §§ 17200, *et seq.*

ANTONIO L. CORTES
578 WEST 8th WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

42
COMPLAINT AND DEMAND FOR JURY TRIAL

175.    The acts of Defendants as alleged herein were and are likely to mislead Mr. Hernandez both as to the price Mr. Hernandez would pay for the Property and as to the terms of the financing therefor, and those acts therefore constitute unfair and fraudulent business practices within the meaning of California Business and Professional Code §§ 17200, *et seq.* and 17500.5.

176.    Defendants' conduct has caused Plaintiffs to suffer unjust encumbrance of their primary residence, the Property, resulting in a substantial threat to the actual loss of title to that real property.

177.    Plaintiffs seek an injunction enjoining Defendants from continuing to engage in the unfair business practices described above, and an injunction enjoining them from enjoying the fruits of their past unfair business practices to the extent that doing so would further irreparably damage Plaintiffs.

178.    Injunctive relief is proper as Plaintiffs have no adequate remedy at law for the loss of the home they occupy with their young children, they will suffer irreparable injury without the requested relief, and no Defendant will suffer any irreparable injury from the requested relief.

FIFTEENTH CAUSE OF ACTION
Breach of Fiduciary Duty
Against Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr. Menon, and BNC

179.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 178 as if fully restated and incorporate them herein by this reference.

COMPLAINT AND DEMAND FOR JURY TRIAL

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL CA 94903
(415) 256-1911
FAX (415) 256-1919

180.    As the employers and work supervisors of Mr. and Mrs. Hernandez, Mr. and Mrs. Sroa, and Mr. and Mrs. Reyes each had a fiduciary duty to Mr. and Mrs. Hernandez as set forth above.

181.    As persons providing brokerage services to a borrower, and by soliciting lenders or otherwise negotiating the Citibank loan and the purported loan purportedly documented by the April 6, 2005 Note, Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr. Menon, and BNC were acting as the fiduciaries of Mr. and Mrs. Hernandez.

182.    As such they had a duty to protect Mr. and Mrs. Hernandez from unnecessary loss and to place Mr. and Mrs. Hernandez's interests over their own.

183.    In engaging in the conduct set forth in this complaint, Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr. Menon, and BNC all violated their respective fiduciary duties to Mr. and Mrs. Hernandez.

184.    As a result of each Defendant's violation of his or its fiduciary duty, Mr. and Mrs. Hernandez have been injured in an amount to be determined at trial to exceed $1,063,125.00.

185.    Because Defendants' breaches of their fiduciary duties were in willful disregard of the well being of Plaintiffs, and because those breaches were oppressive, fraudulent, and malicious, Mr. and Mrs. Hernandez are entitled to exemplary damages in an amount to be proven at trial to be between $2,126,150.00 and $9,568,125.00, inclusive.

SEVENTEENTH CAUSE OF ACTION
Equal Credit Opportunity Act 15 USC § 1691, et seq.
Against Reliable, Mr. & Mrs. Sroa, Option One, ASC, Argentum, Mr. Menon, and Citibank

ANTONIO L. CORTES
578 WINDERA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

44

COMPLAINT AND DEMAND FOR JURY TRIAL

186.    Plaintiffs restate and reallege the foregoing paragraphs 1 through 185 as if fully restated and incorporate them herein by this reference.

187.    Pursuant to the Equal Credit Opportunity Act 15 USC § 1691, *et seq.*,("ECOA"), and Regulation B promulgated thereunder, 12 CFR § 202, BNC, Citibank, and Mr. and Mrs. Sroa, and their agents, Mr. Menon and Argentum, were required: (a) to take a written application from Mr. Hernandez before extending the credit and alleged credit that is the subject of this action; (b) to provide Mr. Hernandez a copy of the appraisal of the Property upon which the issuance of that credit was predicated, or else notify him in writing that they were required to do so upon his request; and (c) to notify him of the approval of his application for credit from BNC, Citibank, and Mr. and Mrs. Sroa.

188.    BNC, Citibank, and Mr. and Mrs. Sroa, and their agents, Mr. Menon and Argentum, violated ECOA by failing to take a written application from Mr. Hernandez, by failing to either give him a copy of the appraisal or give him notification of his limited right to request one, and by failing to notify Mr. Hernandez of the approval of his application for credit.

189.    Had Mr. Hernandez received a copy of the appraisal, he would have been alerted to the low value of the property and known that the sale price of $725,000 was not $100,000 less than its fair market value, as represented by Mr. Sroa, and not purchased the Property.  On information and belief, had Mr. Hernandez been required to complete a written application for credit, neither BNC nor Citibank would have extended the credit to him that is at issue in this action.

ANTONIO L. CORTES
328 WESTERN WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

45

COMPLAINT AND DEMAND FOR JURY TRIAL

190.   As a consequence of the foregoing violations of ECOA, Mr. Hernandez did execute the purchase and loan documents and Mr. and Mrs. Hernandez have therefore suffered financial injury that will be proven at trial to exceed $1,138,125.00

### EIGHTEENTH CAUSE OF ACTION
### Injunctive Relief
### Against Reliable, Mr. & Mrs. Sroa, Option One, ASC, and Citibank

191.   Plaintiffs restate and reallege the foregoing paragraphs 1 through 190 as if fully restated and incorporate them herein by this reference.

192.   If any of Mr. and Mrs. Sroa, or their Trustee, Reliable, or BNC Mortgage, OptionOne, or Citibank is allowed to foreclose on any of their respective trust deeds, Mr. and Mrs. Hernandez will lose their home, a unique parcel of real property, and they will suffer irreparable harm.

193.   Due to the total lack of consideration for the purported debt to Mr. and Mrs. Sroa, and the consequent circumstance that there is no such debt, it would be most inequitable to allow them, and their Trustee, Reliable, to foreclose the purported and actually fraudulent Trust Deed purportedly secured by Plaintiffs' home. Even if that were not so, any claimed injuries from the requested injunction would be purely financial, and thus not irreparable. Accordingly, an injunction restraining them from foreclosure would not irreparably harm them.

194.   Similarly, due to the violations by BNC and Citibank of TILA, RESPA, ECOA, the Spanish Language Contract Act, and California Family Code § 1102 in procuring their respective deeds of trust allegedly secured by the Property, and due to the fact that, in their haste to procure those deeds of trust before Mr. Hernandez could be

ANTONIO L. CORTES
528 WISTERIA WAY
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

46

apprised of the terms of the loans they secured. BNC and Citibank neglected to procure the

consent of Mrs. Hernandez to those deeds of trust or the debts they purportedly secure,

neither BNC or Citibank has any right to foreclose upon their respective deeds of trust, and

therefore would suffer no injury whatever from the requested injunction. Even if that were

not so, any claimed injuries from the requested injunction would be purely financial, and

thus not irreparable. Accordingly, an injunction restraining them from doing so would not

irreparably harm them.

195.    The public interest weighs in favor of an injunction restraining

Defendants from foreclosing any of the three deeds of trust because the public interest, as

expressed in TILA, RESPA, ECOA, the Spanish Language Contract Act, and California

Family Code § 1102, is that deeds of trust such as those subject to this action would be

unenforceable.

196.    Mr. and Mrs. Hernandez are entitled to an injunction enjoining Mr.

and Mrs. Sroa, their Trustee, Reliable, BNC Mortgage, OptionOne, and ASC, and their

trustee, and Citibank, and its trustee, from foreclosing upon their respective deeds of trust

and purported deed of trust during the pendency of this civil action.

For the foregoing reasons, Mr. and Mrs. Hernandez most respectfully request

this honorable Court to grant judgment in their favor and against Defendants, as follows:

a.    For monetary damages against all Defendants except Reliable, Mr.

McGillicuddy, OptionOne, ASC, and Old Republic, in an amount to

be proven at trial to exceed $1,138,125.00;

ANTONIO L. CORTES
578 WISTERIA WAY
SAN RAFAEL, CA 90903
(415) 256-1911
FAX (415) 256-1919

47

COMPLAINT AND DEMAND FOR JURY TRIAL

b.  For additional monetary damages against Mr. and Mrs. Sroa in an amount not less than $135,500;

c.  For monetary damages from Old Republic in an amount not less than $8490.39;

d.  For monetary damages from Mr. McGillicuddy in an amount not less than $1200;

e.  For interest on all of the foregoing amounts at the statutory rate;

f.  For punitive and exemplary damages against Mr. and Mrs. Sroa, Mr. and Mrs. Reyes, Argentum, Mr. Menon, and BNC in an amount to be proven at trial to be between $2,126,150.00 and $9,568,125.00, inclusive;

g.  For Plaintiff's reasonable attorneys fees;

h.  For costs of suit;

i.  For an injunction permanently enjoining Reliable, Mr. & Mrs. Sroa, Option One, ASC, and Citibank from foreclosing their respective Deeds of Trust and purported Deeds of Trust secured by the Property; and

j.  For such other and further relief as the court may deem just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

DATED: June 4, 2008

Antonio L. Cortes,
Counsel for Plaintiff

ANTONIO L. CORTES
528 Wetmore Way
SAN RAFAEL, CA 94903
(415) 256-1911
FAX (415) 256-1919

COMPLAINT AND DEMAND FOR JURY TRIAL