IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, et al., | No. CV-08-2804 MMC |
|     Plaintiffs, | **ORDER AFFORDING PLAINTIFFS OPPORTUNITY TO SUPPLEMENT APPLICATION FOR DEFAULT JUDGMENT; VACATING JUNE 5, 2009 HEARING** |
|   v. | |
| SURINDER SROA, et al., | |
|     Defendants | |

    Before the Court is plaintiffs Jose Hernandez and Virginia Hernandez's "Application for Default Judgment by Court," filed April 29, 2009. Defendants Kirt Menon and Argentum Real Estate and Mortgage, although served with the application, have not filed opposition. Having read and considered the papers filed in support of the application, the Court finds it appropriate to afford plaintiffs the opportunity to file a supplemental brief.

    In the application, plaintiffs seek, <u>inter alia</u>, an award of punitive damages in the amount of $10,000, pursuant to 15 U.S.C. § 1691e(b), which provides that a "creditor," under certain circumstances, "shall be liable to the aggrieved applicant for punitive damages in an amount not greater than $10,000." <u>See</u> 15 U.S.C. § 1691e(b). Specifically, plaintiffs argue defendants should be held liable for an award of punitive damages under § 1691e(b) in light of an alleged violation of 12 C.F.R. §202.4(c), which provides that "[a] creditor shall take written applications for the dwelling-related types of credit covered by

§ 202.13(a)." See 12 C.F.R. § 202.4(c). A "creditor," for the purposes of § 202.4(c), is defined as "a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of the credit," as well as "a creditor's assignee, transferee, or subrogee." See 12 C.F.R. §202.2(l).

In their application, plaintiffs fail to cite to any factual allegations in the complaint that would support a finding that defendants, or either of them, engaged in conduct that violated § 202.4(c), and, in particular, any factual allegations to support a finding that either defendant is a "creditor" within the meaning of § 202.4(c). See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (holding, upon entry of default, allegations in complaint, other than those relating to amount of damages, are "taken as true").

Accordingly, the Court hereby affords plaintiffs the opportunity to file, no later than June 12, 2009, a supplemental brief, not to exceed five pages in length exclusive of exhibits, to set forth their theory as to why defendants, or either of them, have violated §202.4(c).

As of June 12, 2009, the Court will take plaintiffs' application under submission.[1]

**IT IS SO ORDERED.**

Dated: May 29, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] The June 5, 2009 hearing is hereby VACATED.