IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ, et al., | No. CV-08-2804 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART APPLICATION FOR DEFAULT JUDGMENT** |
| v. | |
| SURINDER SROA, et al., | |
| Defendants / | |

Before the Court is plaintiffs' Application for Default Judgment by Court, filed April 29, 2009. Defendants Kirt Menon ("Menon") and Argentum Real Estate and Mortgage ("Argentum"), although served with the application, have not filed opposition. Having read and considered plaintiffs' application, the Court rules as follows.[1]

**A. Actual Damages**

Plaintiffs seek an award of actual damages in the total amount of $25,712.33 against Menon and Argentum.

Upon entry of default,[2] the factual allegations in the complaint, other than those relating to the amount of damages, are "taken as true." See Geddes v. United Financial

---

[1] By order filed May 29, 2009, the Court deemed the matter submitted as of June 12, 2009.

[2] On October 23, 2008, the Clerk entered the default of both Menon and Argentum.

1  Group, 559 F.2d 557, 560 (9th Cir. 1977).  Here, the Court finds the allegations of the
2  complaint, as assumed true, support a finding that Menon and Argentum, both of whom are
3  mortgage brokers (see Compl. ¶ 181), breached their fiduciary duty to plaintiffs.  See, e.g.,
4  Compl. ¶ 36 (alleging defendants failed to disclose to plaintiffs "any aspect of the cost of
5  the financing," including "the size of [the] monthly payments" or that such payments would
6  be "interest only"); Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 782 (1979) (holding
7  mortgage broker has fiduciary duty to "make a full and accurate disclosure of the terms of a
8  loan to borrowers").  With respect to the amount of damages incurred as a result of such
9  breach of fiduciary duty, the Court finds plaintiffs have submitted evidence sufficient to
10 establish plaintiffs' loss in the amount of $25,712.33.  (See Hernandez Decl., filed April 29,
11 2009, ¶¶ 32-35.)
12      Accordingly, the Court finds plaintiffs are entitled to an award of actual damages
13 against Menon and Argentum in the amount of $25,712.33.
14 **B.  Damages Pursuant to 12 U.S.C. § 2607(d)(2)**
15      Plaintiffs also seek, as against Menon and Argentum, an award of damages
16 pursuant to 12 U.S.C. § 2607(d)(2).
17      Section 2607 prohibits the giving or accepting of "any portion, split, or percentage of
18 any charge made or received for the rendering of a real estate settlement service" in
19 connection with a mortgage, other than for services actually performed.  See 12 U.S.C.
20 § 2607(b).  Where a plaintiff establishes a violation of § 2607(b), the district court shall
21 award to the plaintiff "charged for the settlement service involved in the violation" three
22 times the amount of "any charge paid for such settlement service."  See 12 U.S.C.
23 § 2607(d)(2).[3]
24      In their application, plaintiffs assert, without explanation, that of the total amount of
25 fees they paid for settlement services, $25,037 was "involved in the violation," and that,
26 consequently, plaintiffs are entitled to an additional award against Menon and Argentum in

---

28 [3]The $25,712.33 damages figure does not include any payments plaintiffs made for settlement services.

2

1  the amount of $75,111 ($25,037 x 3).  The allegations of the complaint, as assumed true,
2  are sufficient to support a finding that Argentum violated § 2607(b), specifically, by giving to
3  Surinder Sroa and Linda Sroa, who, plaintiffs allege, had not provided any settlement
4  services, a portion of the $10,900 plaintiffs paid Argentum to provide settlement services.
5  (See Compl. ¶¶ 45, 76, 79.)  Consistent therewith, plaintiffs have offered evidence that they
6  paid $10,900 to Argentum for settlement services.  (See Hernandez Decl. ¶ 19.)  The
7  complaint fails to include any allegation to support a finding that plaintiffs paid Argentum an
8  additional amount for settlement services or that, to the extent plaintiffs paid other entities
9  for settlement services, Argentum violated § 2607(b) in connection therewith.  Lastly, the
10 complaint fails to include any allegation to support a finding that Menon violated § 2607(b)
11 in any manner.
12       Accordingly, the Court finds plaintiffs are entitled to an award of $32,700 ($10,900 x
13 3) against Argentum pursuant to § 2607(d)(2).

**C.  Punitive Damages Under 15 U.S.C. § 1691e(b)**

15       Plaintiffs seek an award of punitive damages against Menon and Argentum in the
16 amount of $10,000 each, pursuant to 15 U.S.C. § 1691e(b).
17       Section 1691e(b) provides that a "creditor" who "fails to comply with any requirement
18 imposed under [§§ 1691-1691f] shall be liable to the aggrieved applicant for punitive
19 damages in an amount not greater than $10,000."  See 15 U.S.C. § 1691e(b).  In their
20 application, plaintiffs assert that Menon and Argentum should be held liable for an award of
21 punitive damages under § 1691e(b).  Section 1691e(b) is applicable where the violation is
22 committed by a "creditor."  See id.  The regulation on which plaintiffs rely likewise is
23 applicable to a "creditor."  See 12 C.F.R. § 202.4(c).[4]
24       By order filed May 29, 2009, the Court noted plaintiffs' application had failed to cite
25 to any factual allegations in the complaint to support a finding that Menon and/or Argentum
26 engaged in conduct that violated § 202.4(c); in particular, plaintiffs had failed to cite to any

---

[4]Section 202.4(c) was promulgated by the Board of Directors of the Federal Reserve System pursuant to the authority provided under § 1691b(a)(1).

3

1 factual allegations to support a finding that either defendant is a "creditor" within the
2 meaning of § 202.4(c). By said order, the Court afforded plaintiffs leave to file, no later
3 than June 12, 2009, a supplemental memorandum to support their request for an award
4 pursuant to § 1691e(b). Plaintiffs did not file a supplemental memorandum.

5 Accordingly, plaintiffs have failed to show they are entitled to an award of $10,000,
6 or any lesser award, pursuant to § 1691e(b).

**D. Attorney's Fees**

8 Plaintiffs request an award of attorney's fees in the amount of $20,535, pursuant to
9 12 U.S.C. § 2607(d)(5) and 15 U.S.C. § 1640(a)(3).[5]

10 At the outset, the Court notes that plaintiffs have not asserted any theory of
11 entitlement under § 1640(a)(3), which, as with § 1691e(b), is applicable to actions against
12 "creditor[s]." See 15 U.S.C. § 1640(a).

13 With respect to § 2607(d)(5), however, the Court, as discussed above, has found
14 plaintiffs have established a violation of 12 U.S.C. § 2607(b) by Argentum, and,
15 accordingly, the Court has discretion to award plaintiffs attorney's fees as against
16 Argentum. See 12 U.S.C. § 2607(d)(5) (providing "court may award . . . reasonable
17 attorneys fees" to "prevailing party"). The prevailing plaintiff in an action under § 2607 is
18 "generally entitled to attorney's fees," see Lane v. Residential Funding Corp., 323 F.3d 739,
19 746-48 (9th Cir. 2003), and nothing in the record suggests such general rule should not be
20 applied herein. Accordingly, the Court finds plaintiffs are entitled to an award of reasonable
21 attorney's fees as against Argentum.

22 Plaintiffs have failed, however, to establish their entitlement to the specific amount
23 sought. In a declaration submitted by Antonio L. Cortes ("Cortes"), plaintiffs' counsel,
24 Cortes states he expended 111 hours "on this case" (see Cortes Decl. ¶ 18), and that
25 although he usually charges an hourly rate of $225, he believes a hourly rate of $185 is

---

[5] Plaintiffs alternatively request an award of attorney's fees pursuant to 15 U.S.C. § 1691e(d), based on defendants' alleged violation of 15 U.S.C. § 1691e(b). As discussed above, however, plaintiffs have failed to show defendants violated § 1691e(b).

4

properly awarded herein (see id.).  Counsel has not, however, provided any details as to the nature of the 111 hours expended, and to the extent such total may include hours expended in the prosecution of plaintiffs' claims against other defendants,[6] plaintiffs are not entitled to recover, from Argentum, the fees incurred as a result thereof.  Further, a party seeking an award of attorney fees "has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation," see Southerland v. International Longshoremen's and Warehousemen's Union, 845 F.2d 796, 801 (9th Cir. 1988) (emphasis in original) (internal quotation and citation omitted); here, with respect to the reasonableness of the rate requested, plaintiffs have offered no declaration other than that of Cortes.

Accordingly, the Court finds plaintiffs have not established their entitlement to an award of attorney's fees in the amount of $20,535 against Argentum.  Plaintiffs will be afforded leave, however, to file, within the time provided by Civil Local Rule 54-6(a), a properly-supported motion for an award of attorney's fees against said defendant.

**CONCLUSION**

For the reasons stated above, plaintiffs' application for default judgment is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the application seeks an award of actual damages against Menon and Argentum, jointly and severally, in the amount of $25,712.33, the application is hereby GRANTED.

2. To the extent the application seeks an award of damages against Argentum in the amount of $32,700 pursuant to 12 U.S.C. § 2607(d)(2), the application is hereby GRANTED.

3. To the extent the application seeks a finding that Argentum is liable for the reasonable attorney's fees plaintiffs incurred in prosecuting against Argentum plaintiff's

---

[6]The complaint names twelve defendants.

claim under 12 U.S.C. § 2607, the application is hereby GRANTED, and plaintiffs may file a motion for such fees within the time provided by Civil Local Rule 54-6(a).

    4. In all other respects, the application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 30, 2009

MAXINE M. CHESNEY
United States District Judge